**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **MICHAEL ANDREW ROBINSON** | ) | **CHAPTER 13** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | **CASE NO. 26-41056-PWB** |
| | ) | |
| | ) | **JUDGE BONAPFEL** |

## STATEMENT OF MODIFIED PLAN

Comes now **MICHAEL ANDREW ROBINSON** and states the following:

1. On Wednesday, September 2, 2026, Debtor filed a Modified Plan. The Modified Plan is attached as an Exhibit to this Statement of Modified Plan filed with the Bankruptcy Court.
2. The Modified Plan amends the specified sections(s) of the Plan and changes them as follows;

Amended section 3.2 to change the payment increase start date for Navy Federal Credit Union to December 2028.

Amended section 3.3 to reduce payments for Exeter Finance, LLC to $509 beginning December 2028.

Amended section 3.3 to reflect Debtor's debt with the Georgia Department of Revenue. Said debt has an estimated claim amount of $2,433.00 and shall be paid at 9.75% interest at $75 per month beginning December 2028.

Amended section 3.5 to surrender Debtor's debt with OneMain Financial.

Amended section 4.3 to reduce monthly attorney's fee disbursements to $294.00.

Amended section 6.1 to adjust payments for Progress Residential Borrower 5, LLC. to $582.

3. Any Amendment contained in the Modified Plan that is not set forth in this Statement of Modified Plan will not be effective.
4. Objections to the confirmation of the Modified Plan must be filed with the Court and served on the Debtor, the attorney for the Debtor, and the Chapter 13 Trustee at least seven days before the date set for the hearing on confirmation.

This 2nd day of September, 2026

Respectfully Submitted,

/S/ Jeffrey B Kelly__
Attorney for Debtor
GA Bar No. 412798
107 E. 5th Avenue
Rome, GA 30161
(706) 295-0030
(470) 600-7165 (fax)
lawoffice@kellycanhelp.com

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Michael Andrew Robinson | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: 26-41056-pwb
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
3.2,3.3,3.5,4.3,6.1

# Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:* ☑ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,100.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
| **August 2029** | **$1,365.00 per Month** | **End of 401(k) Loan** |
| | | |

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): ____________

**§ 2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years **2026,2027,2028**, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: ____________

**§ 2.4 Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

## Part 3: Treatment of Secured Claims

Debtor **Michael Andrew Robinson** Case number

**§ 3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post -confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | **Navy Federal Credit Union** | $**12,340.00** | **2008 BMW X5 139,870 miles**<br><br>**August 5 2020** | $**4,854.00** | $**0.00** | $**4,854.00** | **9.00**% | $**48.00** | **Plan Payment of $48 increasing to $214 December 2028** |

**§ 3.3 Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

Debtor **Michael Andrew Robinson** Case number

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **Exeter Finance LLC** | **2017 Infiniti QX80 148,232 miles** | **09-01-2025** | $**17,695.00** | **9.00**% | $**176.00** | **Plan Payment of $176 increasing to $509 December 2028** |
| Georgia Dept of Revenue | Tax Lien | NPNP | $2,433.00 | 9.75% | $0.00 | Beginning December 2028, plan payment shall be $75 per month. |

§ 3.4 **Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **OneMain Financial** | **2013 Volkswagen Passat (previously repossessed)** |

§ 3.6 **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **9.00** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4: Treatment of Fees and Priority Claims

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $**5,400**. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $**294** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $**2,500**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $**2,500**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|

Debtor **Michael Andrew Robinson** Case number

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| **-NONE-** | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**4,000.00** |
| **Internal Revenue Service** | $**11,000.00** |

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|

Debtor **Michael Andrew Robinson** Case number

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| **Progress Residential Borrower 5, LLC** | **Landlord $2275** | $**5,238.00** | **Plan Payment of $582** |

**Part 7: Vesting of Property of the Estate**

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

**Part 8: Nonstandard Plan Provisions**

**§ 8.1 Check "None" or List Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Part 9: Signatures:**

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X **/s/ Michael Andrew Robinson**
**Michael Andrew Robinson**
Signature of debtor 1 executed on **September 2, 2026**

**57 Hamilton Blvd**
**Cartersville, GA 30120**
Address City, State, ZIP code

X
Signature of debtor 2 executed on

Address City, State, ZIP code

X **/s/ Jeffrey B. Kelly**
**Jeffrey B. Kelly 412798**
Signature of attorney for debtor(s)

Date: **September 2, 2026**

**Law Office of Jeffrey B. Kelly, P.C.**
Firm

**107 E. 5th Avenue**
**Rome, GA 30161**
Address City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE:** | | |
| **MICHAEL ANDREW ROBINSON** | ) | |
| | ) | **CHAPTER 13** |
| **DEBTOR** | ) | |
| | ) | **CASE NO. 26-41056-PWB** |
| | ) | |
| | ) | **JUDGE BONAPFEL** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2026, I electronically filed the foregoing Statement of Modified Plan with the Clerk of Court using the Bankruptcy Court's Electronic Case filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

K Edward Safir
Chapter 13 Trustee

I further certify that on this day I caused a copy of this document to be served via United States First Class mail with adequate postage prepaid, on the following parties at the address shown for each.

Michael Robinson
57 Hamilton Blvd
Cartersville, GA 30120

*All creditors on attached matrix.*

This 2nd day of September, 2026

/s/Jeffrey B. Kelly___
Attorney for Debtor
Georgia Bar No. 412798
107 E. 5th Avenue
Rome, GA 30161
(678) 861-1127 (Phone)
(470) 600-7165 (Fax)
lawoffice@kellycanhelp.com

Label Matrix for local noticing
113E-4
Case 26-41056-pwb
Northern District of Georgia
Rome
Wed Sep 2 14:19:54 EDT 2026

American Express
PO Box 981535
El Paso, TX 79998-1535

Avant LLC/Web Bank
222 W Merchandise Mart Plz 900
Chicago, IL 60654-1105

Bank of America
P.O. Box 982238
El Paso, TX 79998-2238

(p)BANK OF ORRICK
ATTN DIGITAL BANKING-BANKRUPTCY
PO BOX 199
ORRICK MO 64077-0199

CB Indigo
PO Box 4499
Beaverton, OR 97076-4499

Capital One, N.A.
10700 Capital One Way
Glen Allen, VA 23060-9243

Credit One Bank NA
P.O. Box 98872
Las Vegas, NV 89193-8872

(p)DELTA COMMUNITY CREDIT UNION
PO BOX 20541
ATLANTA GA 30320-2541

(p)EQUIFAX INC
1550 Peachtree Street NE
Atlanta, GA 30309

(p)EXETER FINANCE LLC
NANNETTE ALAMILLA
2101 W JOHN CARPENTER FWY
IRVING TX 75063-3228

Experian
PO Box 9701
Allen, TX 75013-9701

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

HARBIN CLINIC LLC
C/O NATIONWIDE RECOVERY SERVICE
PO BOX 8005
PO BOX 8005
CLEVELAND, TN 37320-8005

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jeffrey Branan Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161-1725

(p)KLARNA INC
ATTN BANKRUPTCY
PO BOX 8116
COLUMBUS OH 43201-0116

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC
c/o Resurgent Capital Services
55 Beattie Pl, Ste 110, MS#402
Greenville, SC 29601-5115

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

(p)MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286

(p)NATIONWIDE RECOVERY SERVICE
ATTENTION PAULA TILLEY
PO BOX 8005
CLEVELAND TN 37320-8005

Navy Federal CR Union
820 Follin Ln SE
Vienna, VA 22180-4907

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

OneMain Financial Group, LLC
PO Box 3251
Evansville, IN 47731-3251

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Progress Residential
7500 N Dobson Rd
Suite 300
Scottsdale, AZ 85256-2727

Progress Residential Borrower
PO Box 451027
Atlanta, GA 31145-9027

Progress Residential Borrower 5, LLC
The Totten Firm
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338-4154

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Michael Andrew Robinson
57 Hamilton Blvd
Cartersville, GA 30120-4815

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303-1100

Scolopax, LLC
C/O Weinstein & Riley, P.S.
749 GATEWAY, SUITE G-601
ABILENE, TX 79602-1196

TBOM/Aspire
PO Box 105555 SW 1340
Atlanta, GA 30348-5555

(p)CONTINENTAL FINANCE COMPANY
PO BOX 3220
BUFFALO NY 14240-3220

TBOM/Milestone
PO Box 4499
Beaverton, OR 97076-4499

TBOM/VT
2700 S Lorraine Pl
Sioux Falls, SD 57106-3657

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338-4154

Trans Union
PO Box 1000
Chester, PA 19016-1000

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of Orrick
113 E South Front St
Orrick, MO 64077

Delta Community Credit Union
P.O. Box 20541
Atlanta, GA 30320

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Exeter Finance LLC
2101 W. John Carpenter Fwy
Irving, TX 75063

(d)Exeter Finance LLC
PO Box 166097
Irving, TX 75016

Georgia Department of Revenue
Bankruptcy
2595 Century Pkwy NE Ste 339
Atlanta, GA 30345

(d)Georgia Department of Revenue
Bankruptcy Section
PO Box 161108
Atlanta, GA 30321-1108

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

(d)Jefferson Capital Systems, LLC
PO BOX 7999
ST.CLOUD, MN 56302-9617

Klarna Inc
629 N High St
Ste 300
Columbus, OH 43215

Mission Lane Tab Bank
101 2nd St Ste 350
San Francisco, CA 94105

Nationwide Recovery Serv
545 W Inman St
Cleveland, TN 37311

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

TBOM/Contfin
PO Box 8099
Newark, DE 19714

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Progress Residential
7500 N. Dobson Road
Suite 300
Scottsdale, AZ 85256-2727

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 42 |
| Bypassed recipients | 1 |
| Total | 43 |